1
2
3
4
5                          UNITED STATES DISTRICT COURT

6                                DISTRICT OF NEVADA

7

8     NAKIA WOODSON,                        )
                                            )
9                    Plaintiff,             )     Case No. 2:12-cv-01072-JCM-GWF
                                            )
10    vs.                                   )     **ORDER**
                                            )
11    STARFIRE CONDOMINIUMS,                )     Application to Proceed *in Forma*
                                            )     *Pauperis* (#3) and Screening of
12                   Defendants.            )     Complaint (#1-1)
      _____)

13

14          This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis

15    (#3), filed on August 8, 2012.  The Court originally denied without prejudice Plaintiff's

16    Application to Proceed in Forma Pauperis (#1), granting Plaintiff until August 21, 2012 to file a

17    completed application or pay the $350 filing fee.  *See* Order (#2).  The Court will now review

18    Plaintiff's renewed Application (#3) and screen Plaintiff's Complaint (#1-1).

19                                    **BACKGROUND**

20          Plaintiff alleges Defendant Starfire Condominiums violated Nevada Deceptive Practice Act,

21    Nevada Revised Statute (NRS) § 598, and Fair Debt Collection Practices Act ("FDCPA"), 15

22    U.S.C. § 1692 along with several other Nevada statutes.   Plaintiff claims that Defendant levied

23    unjust fees against her property and authorized Alessi and Koenig, a collection agency, to collect

24    the excessive fees.  Plaintiff however states that she was not the owner of the property between

25    May 6, 2009 through December 2010 and that Plaintiff (at some unspecified time) "was no longer

26    the legal owner and was evicted from the property." The Court is unclear as to Plaintiff's

27    ownership statue and legal interest in the property.

28    . . .

Specifically, Plaintiff alleges that the Home Owners Association ("HOA") placed a balance on her account of over $17,000, comprised of "bogus fines" for conduct that never occurred. Plaintiff claims that she brought her concerns to the Real Estate Ombudsman Board, who ordered the fines waived. Plaintiff alleges that the board of the HOA refused to honor the Ombudsman's ruling.  Plaintiff further alleges that she was not served with proper notice of several actions that were taken against the property, including foreclosure proceedings. Plaintiff claims that the property was foreclosed upon at some point in 2009, and Defendants should seek any alleged fee owed from Reuel Williams, the prior owner of the property.  Plaintiff therefore requests the Court enjoin the foreclosure, waive all fines, enter a preliminary injunction, find Defendant violated the law and compensate Plaintiff for her trouble and other just and proper relief.

## DISCUSSION

### I.    Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Woodson's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

### II.    Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible,

whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.    Instant Complaint**

To bring an action before federal district court, a plaintiff must state a federal question or the parties must be completely diverse in citizenship. *See* 28 U.S.C. §§ 1331 and 1332. Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Here, Plaintiff alleges a violation of Nevada Deceptive Practice Act,  Nevada Revised Statute (NRS) § 598, and Fair Debt Collection Practices Act, 15 U.S.C. § 1692 along with several other Nevada statutes.

**I.    Federal Question Jurisdiction**

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* "'Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise devoid of merit as not to involve a federal controversy.'" *United States v. Morros*, 268 F.3d 695, 701 (9th Cir. 2001) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quotation omitted)).

3

It appears Plaintiff is bringing a federal claim against Defendant Starfire Condominium for unfair debt collection in violation of 15 U.S.C. § 1696.  Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA requires and prohibits certain activities by debt collectors that are done "in connection with the collection of any debt." 15 U.S.C. §§ 1692c (prohibiting certain communications), 1692d (prohibiting harassment or abuse), 1692e (prohibiting false or misleading representations), 1692f (prohibiting unfair practices), 1692g (requiring validation of debts).  The FDCPA subjects a debt collector to civil liability for failure to comply with any of its provisions. *See* 15 U.S.C. 1692k(a).

The prohibitions of the FDCPA however apply only to "debt collectors."  Under the FDCPA, a debt collector is defined as any person who uses "any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 16 U.S.C. § 1692a(6).  "For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." *Id.* Section 1692f(6) prohibits a debt collector from taking or threatening to take "nonjudicial action to effect dispossession or disablement of property" if there is no present right to possession of the property claimed as collateral through an enforceable security interest, if there is no present intention to take possession of the property, or if the property is exempt by law from such dispossession or disablement. 15 U.S.C. § 1692f(6).

In this case, in order to be liable for violating the provisions of 15 U.S.C. § 1692, Starfire Condominiums must qualify as a "debt collector" under the general debt collector provision of the FDCPA.  Plaintiff failed to either assert or establish that the "principal purpose" of Starfire's business "is the collection of any debts."  In fact, Plaintiff indicates that Alessi and Koenig, not Defendant, acted as the debt collector.  Alessi and Koenig however is not a named-defendant in this action.  Therefore, because Plaintiff has failed to establish that Defendant Starfire Condominiums

4

is a debt collector, as defined in 15 U.S.C. § 1692, Plaintiff has failed to state a claim under 15 U.S.C. §1692.  Further, because Defendant's alleged violation of the FDCPA was the only federal cause of action contained in her Complaint, the Court finds that it lacks federal question jurisdiction over this case.

### ii.   Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States."  Diversity jurisdiction requires Plaintiff to be diverse from all named Defendants.  *See* 28 U.S.C. § 1332.  Plaintiff and the Starfire Condominiums appear to be Nevada citizens, and therefore the complete diversity requirement is not satisfied.

Because it appears the Court does not have jurisdiction over this matter, the Court will dismiss without prejudice Plaintiff's Complaint and grant her leave to amend her complaint to allege claims this Court can properly exercise its jurisdiction over.  If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete.  Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of . . .

security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that Plaintiff's Complaint be **dismissed** without prejudice with leave to amend.  Plaintiff shall have until **September 17, 2012** to file an amended complaint correcting the noted deficiencies.

DATED this 20th day of August, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge