# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NAKIA WOODSON, | |
| Plaintiff, | Case No. 2:12-cv-01072-JCM-GWF |
| vs. | **ORDER** |
| STARFIRE CONDOMINIUMS, | **Plaintiff's Amended Response to Court's Request (#6)** |
| Defendants. | |

      This matter comes before the Court on Plaintiff's Amended Response to Court's Request (#6), filed on September 18, 2012. Plaintiff's Response is in answer to the Court's Order dismissing Plaintiff's Complaint (#4) ("Order").

      In its Order, the Court noted that federal courts only have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. The Court acknowledged Plaintiff's attempt to assert a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). As explained by the Court, however, the prohibitions of the FDCPA only apply to "debt collectors." *See* 16 U.S.C. § 1692(e). Finding that Defendant Starfire Condominiums ("Starfire") is not a debt collector for the purposes of the FDCPA, the Court concluded there was no federal question jurisdiction. Similarly, because both Plaintiff and Starfire appear to be Nevada citizens, the Court found there was no diversity jurisdiction. Therefore, the Court dismissed Plaintiff's Complaint for lack of subject matter jurisdiction with leave to amend. The Court further informed Plaintiff that if she elected to proceed by filing an amended complaint, the amended complaint cannot simply add on to the original complaint. Rather, the amended complaint must be complete in itself without reference to any

prior pleadings.

    Plaintiff filed the instant Amended Response (#6) wherein she generally realleged her initial Complaint. Plaintiff further asserted that her claims include "TILA violations," without elaboration. The Response as a whole, however, does not constitute a complete complaint as required under Local Rule 15-1. Furthermore, a bare allegation of TILA violations without more does not properly raise a federal question for the purpose of jurisdiction before the Court. In an amended complaint, as in an original complaint, the plaintiff must sufficiently allege each claim and the involvement of each defendant. The Court therefore again informs Plaintiff that an amended complaint must be complete in itself, and must properly plead a federal question or diversity of citizenship for the Court to have jurisdiction over the matter. The Court will grant Plaintiff one additional opportunity to file a proper amended complaint. Further noncompliance with the Local Rules and this Court's orders, however, will result in a Report and Recommendation to the Untied States District Judge assigned to this case that Plaintiff's Complaint be dismissed with prejudice. Accordingly,

    **IT IS HEREBY ORDERED** that Plaintiff shall have until **October 29, 2012** to file an amended complaint in compliance with this Order and the Order dismissing the original Complaint (#4).

    DATED this 28th day of September, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge