UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NAKIA WOODSON,

        Plaintiff(s),

v.

STARFIRE CONDOMINIUMS,

        Defendant(s).

2:12-CV-1072 JCM (GWF)

**ORDER**

Presently before the court is plaintiff Nakia Woodson's motion for a temporary restraining order. (Doc. # 11).[1]

**I.    Background**

Plaintiff filed a motion/application for leave to proceed *in forma pauperis*. (Doc. # 1). Magistrate Judge Foley denied the motion/application because plaintiff did not "provide information regarding her current income." (Doc. # 2, Order). The court granted plaintiff leave to correct her deficiencies and re-file a motion/application for leave to proceed *in forma pauperis*. (*Id.*).

Plaintiff filed a renewed motion/application and attached the requisite materials and paperwork. (*See* doc. # 4, Order). The court then screened the complaint pursuant to 28 U.S.C. §

---

[1] The court acknowledges this is a *pro se* complaint and motion, which are held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted).

**James C. Mahan**
**U.S. District Judge**

1915(e). (*See id.*). Magistrate Judge Foley dismissed the complaint for the following reasons: (1) the court had no federal question jurisdiction because plaintiff filed her causes of action under the Fair Debt Collection Practices Act and defendant, Starfire Condominiums, did not qualify as a "debt collector"; and (2) the court had no diversity jurisdiction because both plaintiff and defendant appeared to be citizens of Nevada. (*Id.*).

At the conclusion of the order, the court instructed plaintiff that she "shall have until September 17, 2012, to file an amended complaint [to] correct[ ] the noted deficiencies." (*Id.* at 6.). Plaintiff filed a response and an amended response in an attempt to correct the deficiencies in her dismissed complaint. (*See* docs. ## 5-6). Magistrate Judge Foley found that in her amended response plaintiff:

> "generally realleged her initial complaint. Plaintiff further asserted that her claims include 'TILA violations,' without elaboration. The response as a whole, however, does not constitute a complete complaint as required under Local Rule 15-1. Furthermore, a bare allegation of TILA violations without more does not properly raise a federal question for the purpose of jurisdiction before the court.. . . The court will grant plaintiff one additional opportunity to file a proper amended complaint."

(Doc. # 7, at 2). The court gave plaintiff until October 29, 2012, to file an amended complaint in compliance with the court's orders. (*Id.*).

On October 30, 2012, plaintiff filed a motion to extend time. (Doc. # 8). The court granted the extension and gave plaintiff until November 15, 2012, to file her amended complaint. (Doc. # 10). On November 19, 2012, plaintiff filed her amended complaint and the instant motion for a temporary restraining order. (*See* docs. ## 10-11).[2] The documents are identical.

Plaintiff's complaint still appears to be laden with many deficiencies. It is not clear that plaintiff addressed any of the flaws identified from Magistrate Judge Foley's previous order. In this order, the court intends only to address the motion for a temporary restraining order; however, the court must necessarily analyze the complaint to some extent because the documents are identical. Plaintiff requests that the court reverse the foreclosure and revert the property back to plaintiff.

---

[2] Plaintiff provided reasons explaining her tardy filing in the complaint and motion for temporary restraining order.

(Doc. # 11).

## II. Legal Standard

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P.65. "The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Miller v. Rufion*, No. 08-1233, 2009 WL 348176, at *1 (E.D. Cal. Feb. 11, 2009) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of California v. Coalition of Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991).

"Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and plaintiffs have the burden of proving the propriety of such a remedy by clear and convincing evidence." *De La Salle v. America's Wholesale Lender*, no. 2:09-cv-02701, 2010 WL 1507317, at *1 (E.D. Cal. April 14, 2010); *Winter v. N.R.D.C.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as a right."). The Supreme Court has stated that a plaintiff must establish each of the following to secure a preliminary injunction or temporary restraining order: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter*, 555 U.S. at 20-24 (2008). Plaintiff must "make a showing on all four prongs." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A plaintiff must establish each of the four *Winter* elements, as it is a four-part conjunctive test.

## III. Discussion

Plaintiff's motion for a temporary restraining order must fail because she has not established a single *Winter* element.

**James C. Mahan**
**U.S. District Judge**

*A. Likelihood of Success on the Merits*

To satisfy *Winter*, a plaintiff must show that he or she is "likely" to succeed on the merits. "'Likely' means 'having a high probability of occurring or being true.'" *Shebanow v. First Mangus Financial Corp.*, no. 3:10-cv-00765, 2010 WL 5390132, at *3 (D. Nev. Dec. 22, 2010) (quoting Merriam-Webster Dictionary).[3]

Plaintiff's complaint and motion for temporary restraining order does not explicitly state any causes of action. (*See* doc. # 11). Plaintiff vaguely mentions "fraud and misrepresentation," so the court will assume that those causes of action are the basis of plaintiff's complaint and motion.

Ignoring the likely jurisdictional problems in plaintiff's complaint, the court finds that plaintiff has not established that she is likely to succeed on the merits. Plaintiff only states bare and conclusory facts to support the issuance of her injunction. The three sentence factual basis provided by plaintiff cannot establish a likelihood of success on a fraud or misrepresentation claim.

*B. Irreparable Harm*

A plaintiff must establish that irreparable harm is likely, not just possible, in order to obtain a temporary restraining order. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011). Plaintiff has provided no information regarding the date of the foreclosure for the court to determine the eminent and immediacy of irreparable harm. Further, plaintiff's motion seems to suggest there has already been a completed foreclosure. Plaintiff has not met her burden that irreparable harm is likely.

Finally, plaintiff has not made any argument that the balance of hardships or the public interest weigh in her favor. Plaintiff has not established either of the first two elements of *Winter*,

---

[3] The court recognizes that the Ninth Circuit's sliding scale and serious question test remains viable after *Winter*. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) ("That is, serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."). This court does not address the sliding scale test because plaintiff cannot establish that his chance of success on the merits is "likely." *Shabanow*, 2010 WL 5390132, at *3 ("A claim can be weaker on the on the merits if it raises serious questions and the amount of harm the injunction will prevent is very great, but the chance of success on the merits cannot be weaker than likely.").

James C. Mahan
U.S. District Judge

- 4 -

so the court finds no reason to continue with an analysis of the last two *Winter* elements.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a temporary restraining order (doc. # 11) be, and the same hereby, is DENIED..

DATED November 20, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -